I concur in the result reached by the majority but write separately on assignment of error III.
Evid.R. 103(A)(2) provides proffers are generally made to preserve the record, and are not necessary if we can determine from the context what the evidence would have been.
The Staff Notes appended to the Rule explain why proffers of evidence excluded on cross-examination are generally inappropriate. The reason is simply because it would require speculation regarding the testimony of the opposing party's witness. I believe this is generally true, but occasionally a proffer on cross may be necessary to assist the reviewing court to understand the proceedings.
Evid.R. 103(B) permits a court, if appropriate, to put an explanation of the objection and/or ruling on the record. This is also obviously for the benefit of reviewing courts.
Here, counsel did not offer a proffer of how the State's witness would have answered the question, but rather, offered an explanation of the relevance of the question. This falls not under Evid.R. 103(B), not (A). The court had discretion to place more information on the record, if it deemed necessary.
From the context of the question it is clear what defense counsel was attempting to do. For this reason, I find the court did not err in cutting the discussion off as it did.
I would overrule the assignment of error III for that reason.
JUDGE W. SCOTT GWIN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed.